CENTRAL COLOSO, INC., Petitioner and Appellee, *v.* SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 10779.  Argued March 4, 1953.—Decided March 20, 1953.

*J. B. Fernández Badillo, Acting Secretary of Justice,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellant. *Franceschi & Sifre* and *Rafael Pastor* for appellee.

---

450

Mr. Justice Marrero delivered the opinion of the Court.

During 1950 and 1951 the petitioner introduced into Puerto Rico, for its own use, different parts for a portable air compressor, operated by gasoline, paying thereon the amount of $353.98 to the Treasury of Puerto Rico. It prayed for refund, which was denied, and it thereupon resorted to the former Tax Court where judgment granting the complaint was entered. The Treasurer of Puerto Rico now contends that said court erred in deciding that the Act only taxes compressors whose principal objective is accomplished with electricity or gas.

Subdivision 20 of § 16 of the Internal Revenue Law—Act No. 85 of August 20, 1925 (Sess. Laws, p. 584), as amended by Act No. 187 of May 13, 1948 (Sess. Laws, p. 520), provides:

"20.—*Electrical or Gas Apparatus.*—On every electrical or gas apparatus for whatever it may be used, and on all parts and accessories therefor, sold, transferred, used, or consumed in, or introduced into, Puerto Rico, a tax of fifteen (15) per cent on the selling price in Puerto Rico; *Provided,* That a machine or equipment whose principal work or objective is not accomplished by electricity or gas, shall not be considered in its entirety as an electrical or gas apparatus; but the additions, features, or devices operated by electricity or gas, and which perform secondary functions within or in connection with said machine or equipment, as well as the accessories for said additions, features or devices, shall be subject to the payment of the excise fixed by this subdivision.

"*Provided, likewise, That in the case of the introduction into, or the acquisition, sale, use, or transfer in, Puerto Rico, of electrical or gas apparatus without having incorporated thereto the source of power by which they are to be operated, the determination of the fact as to whether or not they are electrical or gas apparatus, for the purpose of this tax, shall be made by the Treasurer of Puerto Rico on the basis of the 'predominant normal use' given thereto by the consumers as a group, and it shall be understood that there is a 'predominant normal use'*

*if sixty (60) per cent or more of the number of acquirers of the apparatus in question operate them principally by electric or gas power.*

"Provided, *further*, That excluding the current conducting wire, none of the materials for external installation shall be subject to the tax fixed by this subdivision.

"Provided, *finally, That within the meaning of electrical or gas apparatus are included—but without it being understood as a limitation—, electric current generating plants, dynamos of all kinds, and compressors.*" (Italics ours.)

Prior to the amendment of 1948, said subdivision recited thus (Act No. 140 of May 9, 1945, Sess. Laws, p. 484):

"20.—On every electrical or gas apparatus for whatever it may be used, and on all parts and accessories therefor, sold, transferred, used, consumed in, or introduced into, Puerto Rico, a tax of fifteen (15) per cent on the selling price in Puerto Rico; *Provided,* That a machine or equipment whose principal work or objective is not performed or attained by electricity or gas, shall not be considered in its entirety as an electrical or gas apparatus; but the additions, features, or devices operated by electricity or gas, and which perform secondary functions within or in connection with said machine or equipment, as well as the accessories for said additions, features or devices, shall be subject to the payment of excises fixed by this subdivision; *Provided, however,* That the fact that whether or not the source of electric or gas power is incorporated to the machine or equipment shall be immaterial if said source operates the machine for its principal function, and in this case the whole equipment shall be considered as a taxable unit for the purposes of this excise; *Provided, further,* That with the exception of the current conducting wire, none of the material for external installation shall be subject to the tax fixed by this subdivision."

As may be noted, the 1948 amendment consisted in the introduction of the foregoing italicized paragraphs.

The only question to be determined here is whether the parts introduced by the petitioner for a portable compressor, which operates with gasoline, are subject to the 15 per cent tax referred to in said subdivision, as amended in 1948.[1]

---

[1] As the parts for the compressor were introduced in 1950 and 1951, the applicable amendment is that of 1948 and not that of 1945.

To construe the Act under our consideration we must bear in mind in the first place the intention of the lawmaker. *Vázquez* v. *Board of Trustees*, 59 P.R.R. 144; *The People* v. *Ramos*, 18 P.R.R. 954; *Vivaldi* v. *Mariani et al.*, 10 P.R.R. 420. When discussing the question involved here, the appellant alleges that "prior to May 13, 1948, the date of the approval of Act No. 187 referred to, § 20 (*sic*), insofar as pertinent here, contained only the first paragraph above copied.[2] Undoubtedly, under said provision a compressor whose principal work or objective was not accomplished by electricity or gas, was not considered as an electrical apparatus, but in view of the addition by Act No. 187, *supra*, of the Proviso to the effect that within the meaning of electrical apparatus, compressors, among others, are included, we assume that the lawmaker meant to tax these compressors with a 15 per cent tax on their selling price, regardless of whether their principal work or objective was accomplished by electricity or gas, or by any other means such as Diesel oil, gasoline or steam . . .

"Undoubtedly, the lawmaker realized that a discrimination was being made against those persons who introduced into Puerto Rico compressors operated by electricity or gas, in favor of those importers of the same compressors but operated by power other than electric current or gas. It was undoubtedly to eliminate said discrimination that the lawmaker inserted the proviso in question, thus identifying all compressors, regardless of the power with which they were operated." We can not agree with the preceding reasoning.

In the first paragraph of subdivision 20, *supra*, a 15 per cent tax is levied on "every electrical or gas apparatus," as well as on all parts or accessories therefor; the first Proviso prescribes that "a machine or equipment whose principal work or objective is not accomplished by electricity or gas,

---

[2] The appellant refers to the first paragraph of subdivision 20 of § 16, which as noted reads identically under either amendment.

shall not be considered in its entirety as an electrical or gas apparatus"; in the second Proviso reference is made to the introduction, acquisition, sale, use, or transfer of electrical or gas apparatus not having incorporated thereto the source of power by which they are to be operated; in the third Proviso the current conducting wire is included; and the final Proviso prescribes "That *within the meaning of electrical or gas apparatus are included . . . . . electric current generating plants, dynamos, of all kinds, and compressors.*" (Italics ours.) It is on this final Proviso that the appellant relies to insist on his right to collect excises on the compressor parts introduced by the petitioner. The context of said final Proviso does not show clearly and specifically that the purpose or intention of the lawmaker was to levy the aforesaid excise tax on all compressors, regardless of the kind of power used for their operation.

An Act must not be construed by taking separately each one if its paragraphs, Sections or subdivisions. Instead, it must be construed as a whole. *Descartes, Treas.* v. *Tax Court,* 71 P.R.R. 230, 234; *Orta* v. *Registrar,* 60 P.R.R. 768. Subdivision 20, *supra,* must not be construed either by taking separately each one of its paragraphs or sentences. It must be construed in its entireness. If we read it as a whole, the legislative intent to tax *every electrical or gas apparatus, as well as all parts or accessories therefor,* is indubitably apparent. This view of ours is bolstered by the final Proviso itself, when it refers to *electric current generating plants and to dynamos.* The former as well as the latter are electricity producing apparatuses.[3] However, compressors are not, for although they may be operated by electricity or gas, they may also be operated by another kind of power or fuel, as

---

[3] The word dynamo, according to the dictionary of the *Real Academia Española,* 17th Edition of 1947, means:

"Machine for converting mechanical energy (movement) into electrical energy (current) or vice versa, by magnetoelectric induction, generally due to rotation of conducting bodies in a magnetic field."

for example: petroleum, gasoline, alcohol, etc. We therefore hold that compressors operated by electricity or gas, as well as the parts or accessories therefor, are subject to the excise tax levied by subdivision 20 of § 16, while compressors operated by any other power or energy, or the parts for such compressors, are not.

To elaborate further, even if under the final Proviso of subdivision 20 it could be concluded that all compressors are subject to the payment of the 15 per cent tax, the parts or accessories therefor are not, except in the specific case of parts intended for compressors operated by electricity or gas. This is unequivocally apparent from the first paragraph of said subdivision.

█ It is a rule of construction that when the intent to impose a tax is not clear, the doubt must be settled in favor of not imposing it. *People* v. *Armour Fertilizer Works*, 53 P.R.R. 207; *Longo & Co.* v. *Treasurer*, 50 P.R.R. 153; *The Texas Co.* v. *Treasurer*, 50 P.R.R. 415; *P. R. Distilling Co.* v. *Treasurer of P. R.*, 32 P.R.R. 530. In the case with which we are concerned the language of the final Proviso is ambiguous and doubtful as to the legislative intent to tax compressors not operated by electricity or gas. The doubt must be settled in favor of not imposing the excise.

The judgment appealed from will be affirmed.

Mr. Justice Sifre did not participate herein.